## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Charles E. Wiig,                                              Case No. 17-cv-3815 (MJD/TNL)

          Petitioner,

v.                                                                    **REPORT AND**
                                                                      **RECOMMENDATION**

Warden E. Williams

          Respondent.

---

Charles E. Wiig, No. 15749-047, Federal Correctional Institution – Sandstone, P.O. Box 1000, Sandstone, MN 55072, (*pro se* Petitioner); and

Michael L. Cheever, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on a § 2241 Habeas Corpus Petition, (Pet., ECF No. 1), and Respondent's Motion to Dismiss § 2241 Petition, (Mot. to Dismiss, ECF No. 8). This action has been referred to the undersigned for a report and recommendation to the Honorable Michael J. Davis, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.1. Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that the motion to dismiss be granted and the petition be dismissed.

# I.    PROCEDURAL AND FACTUAL BACKGROUND

## A.    Conviction and Direct Appeal

On September 23, 1998, a Nebraska State Patrol narcotics investigator "supervised a controlled methamphetamine buy at Wiig's apartment." *United States v. Wiig*, 190 Fed. Appx. 521, 522 (8th Cir. 2006) (*per curiam*). "George Brown, who agreed to cooperate with the state in exchange for a reduction in criminal charges against him, told the investigator that he had arranged to purchase a half ounce of methamphetamine from Wiig for $550." *Id.* Brown was provided money and equipped with an audio transmitting device to record the drug transaction. *Id.* Brown entered Wiig's apartment, where "Brown asked a person if the price was still $550 for a half ounce of methamphetamine." *Id.* That person insisted Brown use some methamphetamine. *Id.* Brown left the apartment, turned over the methamphetamine he purchased in the apartment to law enforcement, and Wiig was subsequently arrested. *Id.* Brown did not testify at trial, "but [Mary] McIntosh[, Wiig's mother,] said that the voice on the audio recording 'sounds like Chuck [Wiig].'" *Id.* at 523. (alteration in original).

On September 28, 1998, Wiig called McIntosh to ask her to clean out his apartment. *Id.* at 522. McIntosh found "a yellow rock-like substance in a mattress" and threw it into a dumpster. *Id.* at 522–23. The following day, McIntosh continued cleaning, discovering approximately $3600 in cash in a suitcase. *Id.* at 523. At trial, McIntosh testified that "the substance and the money were in a bedroom that had once been occupied by Wiig's roommate, but she did not know whether the roommate was still living in the apartment." *Id.*

On November 19, 1998, Wiig was indicted in the United States District Court for the District of Nebraska for "conspiracy to distribute and possess with the intent to distribute methamphetamine and possession with intent to distribute methamphetamine." *Id*. Wiig pleaded not guilty and was released to a halfway house pending trial. *Id.* On March 2, 1999, Wiig "failed to return to the halfway house [and] fled from the law for more than six years before he was finally arrested on April 19, 2005."*Id.* "While he was a fugitive from justice, [Wiig] wrote a letter to his mother admitting ownership of the items and estimating that she had thrown out drugs worth between $3000 and $6000." *Id.*

Following a jury trial, Wiig was convicted of distributing less than fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). *Id.* at 522; *United States v. Wiig*, 2008 WL 150218, at *1 (D. Neb. Jan. 14, 2008). Wiig moved for a new trial, which was denied. *Wiig*, 190 Fed. Appx. at 523. Following this, Wiig's motion for withdrawal of his trial counsel was granted and Wiig was appointed new counsel for sentencing and appeal purposes. *Wiig*, 2008 WL 150218, at *1.

The presentence report "placed [Wiig] at a base offense level of 18. A two-level enhancement for obstruction of justice increased the base offense level to 20. Because Wiig was designated as a career offender, however, the offense level was enhanced to 34." *Wiig*, 190 Fed. Appx. at 523; *Wiig*, 2008 WL 150218, at *1. Wiig's new counsel "objected to the presentence report, and the objections were granted" *Wiig*, 2008 WL 150218, at *1. The guideline sentence remained unaffected, however. *Id.* "The district court ultimately determined that Wiig should be placed in criminal history category VI, which resulted in an advisory guideline range of 262 to 327 months' imprisonment," with

the district court imposing 262 months' imprisonment. *Wiig*, 190 Fed. Appx. at 523; *Wiig*, 2008 WL 150218, at *1.

On direct appeal, Wiig challenged the sufficiency of the evidence to prove his guilt beyond a reasonable doubt. *Wiig*, 190 Fed. Appx. at 523–24; *see Wiig*, 2008 WL 150218, at *1. Wiig also challenged the reasonableness of his sentence. *Wiig*, 190 Fed. Appx. at 524; *see Wiig*, 2008 WL 150218, at *1. Wiig argued "that the district court failed to adequately consider the fact that his crime was not a violent crime and that his father was incarcerated during most of Wiig's childhood." *Wiig*, 190 Fed. Appx. at 524. Concerning Wiig's sentence, the Eighth Circuit found that "[t]hese facts were before the district court . . . and there is no evidence that they were not considered." *Id.* Moreover, "given Wiig's status as a career offender and his six-year flight from the law," the Eighth Circuit could not find that Wiig had rebutted the presumption that his guideline sentence was reasonable. *Id.* Accordingly, the Eighth Circuit affirmed Wiig's conviction and sentence. *Id.*; *see Wiig*, 2008 WL 150218, at *1.

**B. Wiig's First § 2255 Petition**

On August 2, 2007, Wiig filed a § 2255 petition. *See Wiig*, 2008 WL 150218, at *1. Wiig raised

> the following issues: actual innocence; denial of his Sixth Amendment right to cross examine confidential informant George Brown, whose alleged statement was introduced through [the Nebraska State Patrol narcotics investigator]; ineffective assistance of trial counsel; ineffective assistance of appellate counsel; the Assistant United States Attorney's violation of Federal Rule of Evidence 804(a)(5) and the Sixth Amendment Confrontation Clause; and prosecutorial misconduct on the part of [the] Assistant United States Attorney . . .

*Id.*

Relevant to this action, Wiig argued that his counsel for sentencing and appeal "was ineffective in failing to: communicate with Wiig prior to sentencing; write a technically suitable appellate brief; file a reply brief on appeal; and raise all non-frivolous issues on appeal, including all contrary evidentiary rulings." *Id.* at *4. The court found that "the record reflects that counsel and Wiig communicated sufficiently prior to sentencing." *Id.* at *5. The court also noted that Wiig's counsel "objected to the [presentence report]. Although the guideline range was unaffected, the objections were granted based on the parties' stipulation." *Id.* The court further found that Wiig's appellate counsel "competently raised two issues on appeal, which action supports the conclusion that his representation was zealous and effective. Effective counsel would not raise all non-frivolous issues or all contrary evidentiary rulings." *Id.* Thus, Wiig's claims were denied, alongside all of his other § 2255 claims. *Id.* at *2–*6.

Following the denial of Wiig's § 2255 petition, he sought a certificate of appealability. *United States v. Wiig*, 2008 WL 345608, at *1 (D. Neb. Feb. 4, 2008). After considering the issues raised in Wiig's § 2255 petition, the district court concluded that Wiig failed to make a substantial showing of the denial of a constitutional right. *Id.* Thus, a certificate of appealability was denied. *Id.*

### C. Wiig's § 1983 Claim

In June 2010, Wiig filed a complaint under 42 U.S.C. § 1983 in the United States District Court for the District of Nebraska. *Wiig v. Haseloh*, 2010 WL 3455239, at *1 (D. Neb. Aug. 27, 2010). Wiig alleged that police officers "improperly coerced [his] mother

to testify against him, which resulted in his wrongful criminal conviction." *Id.* at *2.[1]
Wiig requested that "his mother's testimony 'be vacated from evidence and considered void' in his criminal case.'" *Id.* The district court found that this request "necessarily implicate[d] the validity of his conviction and current confinement." *Id.* Accordingly, the court would not address Wiig's claims because he had not first obtained a favorable outcome in a habeas corpus or similar proceeding. *Id.*

### D.  Wiig's § 2254 Petition

In June 2010, Wiig filed a § 2254 habeas petition in the United States District Court for the District of Nebraska. *Wiig v. Ives*, 2010 WL 2696197, at *1 (D. Neb. July 1, 2010). Wiig was confined in the Federal Correctional Institution in Herlong, California. *Id.* His custodian, Mr. Ives, was warden of that facility. *Id.* Because that facility is located in the Eastern District of California, the court found the Eastern District of California to be the court of competent jurisdiction. *Id.* Thus, Wiig's § 2254 petition was dismissed for lack of jurisdiction. *Id.*

### E.  Wiig's First Request for a Successive § 2255 Petition

On September 10, 2010, Wiig sought permission from the Eighth Circuit to file a second or successive § 2255 petition. *Wiig v. United States*, No. 10-2999, Doc. No. 3701982 (8th Cir. Sep. 10, 2010). Wiig alleged that police officers improperly "used trickery and deceit" to coerce his mother to testify against him. *Id.* at 1. Wiig further

---

[1] Wiig's actual innocence claim in his first § 2255 motion attempted to use an affidavit from McIntosh that purported to recant her trial testimony. *Wiig*, 2008 WL 150218, at *2 ("[Wiig] seeks to prove his actual innocence through an affidavit recanting McIntosh's trial testimony that the voice on the audio recording in questions 'sounds like' Wiig. The trial testimony was equivocal, and so is the affidavit. The affidavit does not disprove the trial testimony."). That claim was denied. *Id.* at *3.

asserted that he could not have raised this issue in his original § 2255 petition because he was unaware of it until after that motion was dismissed. *Id.* at 2. To support his contentions, Wiig provided an affidavit of statements made by his mother, dated March 25, 2008, attesting to these allegations. *Id.* at 5. The Eighth Circuit denied Wiig's request to file a successive habeas petition. *Wiig v. United States*, No. 10-2999, Doc. No. 3738292 (8th Cir. Dec. 23, 2010).[2]

### F.  Wiig's Second § 2255 Petition

In January 2011, Wiig filed a second § 2255 petition in the District of Nebraska. *Wiig v. United States*, No. 8:05-cr-00245 (LSC/FG3), Doc. No. 115 (D. Neb. Jan. 20, 2011). Wiig alleged that his Fifth Amendment due process rights were violated when his original § 2255 petition was dismissed without the district court having addressed his argument "that appellant counsel failed to contest the admission of [a] 1996 conviction on appeal." *Id.* at 8. Wiig also alleged that his Sixth Amendment right to effective assistance of counsel was violated because his appellant counsel failed to challenge his 1996 conviction or its use in support of his career offender designation. *Id.* at 9. The district court noted that Wiig was required to obtain an order from the Eighth Circuit authorizing a successive § 2255 petition before the district court was allowed to consider such motion. *Id.*, Doc. No. 119 (D. Neb. Feb. 17, 2011). Accordingly, Wiig's successive § 2255 petition was denied for lack of such an order from the Eighth Circuit. *Id.*

---

[2] Wiig's motion to reopen this proceeding was denied, *Wiig v. United States*, No. 10-2999, Doc. Nos. 3747705, 3748605 (8th Cir. Jan. 24–25, 2011).

### G. Wiig's Second Request for Successive § 2255 Petition

On March 4, 2011, Wiig sought permission from the Eight Circuit to file a second or successive § 2255 motion. *Wiig v. United States*, No. 11-1486, Doc. No. 3762758 (8th Cir. Mar. 4, 2011). Wiig enclosed his January 2011 second § 2255 petition, which alleged his Fifth and Sixth Amendment rights had been violated. *Id.* at 8–9. The Eighth Circuit denied Wiig's request. *Wiig v. United States*, No. 11-1486, Doc. No.3778579 (8th Cir. Apr. 19, 2011).

### H. Wiig's Third Request for Successive § 2255 Petition

On January 4, 2016, Wiig sought permission from the Eight Circuit to file a successive § 2255 petition. *Wiig v. United States*, No. 16-1009, Doc. No. 4351827 (8th Cir. Jan. 4, 2016). Wiig argued that the Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), prevented a prior Nebraska burglary conviction from qualifying as a basis for his career offender designation at sentencing. *Wiig v. United States*, No. 16-1009, Doc. No. 4351827, at 4 (8th Cir. Jan. 4, 2016). Wiig was appointed counsel. *Wiig v. United States*, No. 16-1009, Doc. No. 4367587 (8th Cir. Feb. 17, 2016). Wiig's petition was stayed several times pending decisions from the United States Supreme Court concerning the application of *Johnson*. *Wiig v. United States*, No. 16-1009, Doc. Nos. 4381948, 4425324 (8th Cir.).

On May 24 2017, Wiig filed a supplemental petition concerning the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017) and *Mathis v. United States*, 136 S.Ct. 2243 (2016), arguing that he was not foreclosed from obtaining relief under *Johnson*. *Wiig v. United States*, No. 16-1009, Doc. No. 4539980 (8th Cir. May 24,

2017). Wiig argued that *Johnson* and *Mathis* supported his assertion that his Nebraska burglary conviction should not have been used as a basis for his career offender designation. *Wiig v. United States*, No. 16-1009, Doc. No. 4539980, at 2 (8th Cir. May 24, 2017). The Eighth Circuit denied Wiig's request. *Wiig v. United States*, No. 16-1009, Doc. No. 4562419 (8th Cir. July 28, 2017).

### I. Wiig's Third § 2255 Petition

On June 15, 2016, while his third request for a successive § 2255 petition was still pending, Wiig, through counsel, filed a § 2255 petition in the District of Nebraska. *Wiig v. United States*, No. 8:05-cr-00245, Doc. No. 138 (D. Neb. June 15, 2016). Wiig noted that the statute of limitations on his *Johnson* claims was running, so his filing was a "placeholder." *Wiig v. United States*, No. 8:05-cr-00245, Doc. No. 138, at 1 (D. Neb. June 15, 2016). Wiig argued that *Johnson* prevented his Nebraska burglary conviction from being used as a basis for his career offender designation and, therefore, he did not qualify as a career offender. *Wiig v. United States*, No. 8:05-cr-00245, Doc. No. 138, at 2 (D. Neb. June 15, 2016). Wiig contended that this entitled him to be resentenced without the career offender enhancement. *Wiig v. United States*, No. 8:05-cr-00245, Doc. No. 138, at 10 (D. Neb. June 15, 2016). The district court dismissed Wiig's petition because he had not "obtained certification from the U.S. Court of Appeals for the Eighth Circuit to file his successive § 2255 Motions." *Wiig v. United States*, No. 8:05-cr-00245, Doc. No. 143, at 1 (D. Neb. June 23, 2017).

**J.  The Present § 2241 Petition**

Wiig brings the instant petition under 28 U.S.C. § 2241 asserting that his Nebraska burglary conviction, which formed the basis for his career offender enhancement under the United States Sentencing Guidelines, did not meet the requirements for generic burglary outlined in *Mathis*. (Mem. in Supp., at 4, ECF No. 2). Relying on *Mathis*, Wiig contends that his Nebraska burglary conviction should not have qualified as a § 4B1.1 predicate offense, and that it should not have been used to impose the career offender enhancement under the United States Sentencing Guidelines. (Pet., at 3). Wiig further asserts that 28 U.S.C. § 2255 is inadequate or ineffective because, from the time of sentencing to filing his § 2255 motion, he "was foreclosed by Supreme Court and Circuit precedences from challenging his Nebraska burglary conviction from qualifying as a 4B1.1 predicate offense." (Pet., at 3). Wiig requests that he be resentenced without the career offender enhancement. (Mem. in Supp., at 15).

## II.    ANALYSIS

The basic purpose of habeas corpus is to allow a prisoner to attack the legality of his detention. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). "A motion under 28 U.S.C. § 2241 challenges the *execution* of a sentence while a motion under § 2255 challenges the *imposition* of a sentence."

*Deleston v. Wilson*, Case No. 13-cv-2733 (JNE/SER), 2014 WL 3384680, at *3 (D. Minn. July 10, 2014).

"The savings clause of § 2255 permits a petition under § 2241 if the § 2255 remedy is inadequate or ineffective to test the legality of a conviction or a sentence." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing 28 U.S.C. § 2255(e)). Thus, to challenge his sentence under § 2241, a petitioner must first show that remedy under § 2255 would be inadequate or ineffective. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* 28 U.S.C. § 2255(e). The petitioner has the burden of showing that § 2255 is inadequate or ineffective. *Abdullah*, 392 F.3d at 959; *Hill*, 349 F.3d at 1091.

"Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). "It is well established that 'in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition.'" *Abdullah*, 392 F.3d at 959 (quoting *Hill*, 349 F.3d at 1091). "Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed, or because petitioner has allowed the one year statute of limitations and/or grace period to expire." *United States v. Lurie*, 207 F.3d 1075, 1077 (9th Cir. 2000) (citations omitted); *accord Hill*, 349 F.3d at 1091 (citing *Lurie*, 207 F.3d at 1077). Moreover, "§ 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand." *Abdullah*, 392 F.3d at 963. The

"Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction," regardless of whether he took, or even recognized, the opportunity. *Id.*

In *Mathis*, the United States Supreme Court considered approaches to determining whether a defendant has three qualifying prior convictions for the fifteen-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). 136 S.Ct. at 2247–50.

> In such cases, proper determination of whether the defendant's prior convictions are of the type that constitute proper predicates for enhancement either requires a "categorical" approach, in which the sentencing court compares the category of enhancing offenses with the statutory elements of the prior offenses, or—with respect to statutes having multiple alternative elements—requires a "'modified categorical approach,'" in which the "sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."

*Washington v. United States*, 868 F.3d 64, 65 (2d Cir. 2017) (per curiam) (quoting

*Mathis*, 136 S.Ct. at 2248–49).

> The *Mathis* Court confronted the question of whether the lower courts' use of the modified categorical approach was appropriate when the defendant had previously been convicted not under a statute that had multiple, alternative elements but rather under one that "list[ed] multiple, alternative means of satisfying one (or more) of its elements."

*Washington*, 868 F.3d at 65 (alteration in original) (quoting *Mathis*, 136 S.Ct. at 2248).

The Supreme Court held that the district court "erred in applying the modified categorical approach to determine the means by which Mathis committed his prior crimes" as such approach solely served "as a tool to identify the elements of the crime of conviction when

a statute's disjunctive phasing renders one (or more) of them opaque." *Mathis*, 136 S.Ct. at 2253.

Courts in this District and elsewhere have repeatedly held that *Mathis* did not constitute a change in law. *See, e. .g*, *Clark v. United States*, No. 17-cv-2040 (SRN/DTS), 2017 WL 4685064, at *2 (D. Minn. Oct. 16, 2017) (affirming magistrate's holding that "Petitioner's reliance on *Mathis* is misplaced, because *Mathis* did not create a new rule of law that Petitioner could not have raised in his § 2255 motion"); *Blake v. United States*, No. 17-cv-1108 (PJS/DTS), 2017 WL 2655098, at *1 (D. Minn. June 20, 2017), *aff'd*, No. 17-2448, 2017 WL 6603620 (8th Cir. Oct. 24, 2017) ("*Mathis*, however, does not represent a change in the law; instead, 'its decision was dictated by decades of prior precedent.'" (citing *United States v. Taylor*, 672 Fed. Appx. 860, 864 (10th Cir. 2016)); *see also Mathis*, 136 S.Ct. at 2257 (stating *Mathis* was "a straightforward case" based on more than 25 years of precedent); *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017) ("The Court's holding in *Mathis* was dictated by prior precedent (indeed two decades worth).").

Here, Wiig cannot show that the remedy under § 2255 would be inadequate or ineffective to test the legality of his sentence.    Nothing precluded Wiig from raising the argument asserted here—that his Nebraska burglary conviction should not have qualified as a § 4B1.1 predicate offense and should not have been used as a basis for his career offender designation—in the original § 2255 motion that Wiig filed with the sentencing court. This is because the underlying legal argument in *Mathis*, which Wiig relies upon here, could have been raised prior to *Mathis* because it did not represent a change in the

law. *See, e.g.*, *Clark*, 2017 WL 4685064, at *2 ("Nothing prevented Petitioner from raising the essence of this [*Mathis*] claim in his § 2255 motion."); *Blake*, 2017 WL 2655098, at *1 ("Nothing prevented Blake from making *Mathis*-type arguments at an earlier stage in his criminal case or as part of his motion under 28 U.S.C. § 2255."). As such, Wiig cannot show that § 2255 would be inadequate or ineffective. *Hill*, 349 F.3d at 1092 ("A prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district."); *see also Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) ("The relevant metric or measure, we hold, is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241.").

More damaging to Wiig's arguments that § 2255 is inadequate or ineffective is that nothing precluded Wiig from raising the argument asserted here on appeal or in any of his subsequent § 2255 petitions, related habeas claims, or requests for permission to file successive § 2255 petitions. Indeed, Wiig has already raised this *Mathis* argument on multiple occasions. Specifically, Wiig made the same arguments as he makes in his present § 2241 petition as he did in his third request to file a successive § 2255 petition. (*See Wiig v. United States*, No. 16-1009, Doc. No. 4539980 (8th Cir. May 24, 2017) (Wiig arguing that *Johnson* and *Mathis* render his Nebraska burglary conviction invalid for career offender enhancement at sentencing). The Eighth Circuit denied that request. Likewise, Wiig, through counsel, argued to the sentencing court that *Johnson* precludes him from qualifying as a career offender. That § 2255 petition was denied. These were

not even the first attempts Wiig made to disqualify his Nebraska burglary conviction for sentencing purposes. As far back as January 2011, Wiig asserted his rights were violated by the district court because it did not address his previous habeas claim that he received ineffective assistance of counsel because his appellant counsel failed to challenge his 1996 Nebraska burglary conviction. Thus, following the thread backwards further, Wiig's current claims have endured, albeit with various iterations to keep them "fresh," since Wiig's first habeas petition in August 2007. Wiig cannot simply repackage his considered-and-rejected claims every time the appellate courts render a new decision as justification to bypass the requirements imposed by § 2255. Because Wiig has not shown, and cannot show, that § 2255 was inadequate or ineffective to raise his sentencing argument—and in fact has previously raised that argument before the District of Nebraska and Eighth Circuit—this Court lacks jurisdiction to consider his collateral challenge to his sentence under § 2241. *See, e.g.*, *Abdullah*, 392 F.3d at 964; *Hill*, 349 F.3d at 1091.

Furthermore, Wiig does not have a cognizable claim for relief because his sentence is valid even without the career offender enhancement. Wiig does not allege that he is actually innocent of the underlying drug charge, but rather that he was improperly sentenced as a career offender. (Mem. in Supp., at 4). "An error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). The Eighth Circuit has consistently held that "ordinary questions of

guideline interpretation fall short of the 'miscarriage of justice' standard." *Sun Bear*, 644 F.3d at 704 (quoting *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995)). A cognizable miscarriage of justice "occurs when the sentence is in excess of that authorized by law." *Sun Bear*, 644 F.3d at 706. Hence, habeas relief "does not encompass all claimed errors in conviction and sentencing." *Id.* at 704 (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Habeas corpus "does not provide relief for errors made in interpreting the Sentencing Guidelines—including errors made in applying the career-offender provisions—so long as the defendant did not receive a sentence in excess of the statutory maximum." *United States v. Derden*, Case No. 14-cv-3235 (PJS/SER), 2014 WL 5489374, at *2 (D. Minn. Oct. 30, 2014); *accord Bobmanuel v. Wilson*, Case No. 15-cv-3159 (ADM/SER), 2016 WL 4249767, at *4 (D. Minn. July 14, 2016); *see Sun Bear*, 644 F.3d at 705–06 ("An unlawful or illegal sentence is one imposed, without, or in excess of, statutory authority.").

Here, Wiig was convicted of distributing less than fifty grams of methamphetamine and sentenced to 262 months imprisonment. *Wiig*, 190 Fed. Appx. at 523. The statutory sentencing range for this crime, without the career offender enhancement, was 60 to 480 months.[3] 21 U.S.C. § 841(b)(1)(B)(viii). Because Wiig's sentence falls within the statutory sentencing range of the crime for which he was convicted, there is no miscarriage of justice and Wiig does not have a cognizable claim for relief. *See Bobmanuel*, 2016 WL 4249767, at *5 ("The same ten-year sentence could

---

[3] This sentencing range remained unchanged from Wiig's original indictment in November 1998 through his sentencing in November 2005. *Compare* 21 U.S.C. § 841(b)(1)(B)(viii) (1998) (effective Oct. 21, 1998 to Feb. 17, 2000), *with* 21 U.S.C. § 841(b)(1)(B)(viii) (2005) (effective Nov. 2, 2002 to Mar. 8, 2006). It remains unchanged under current law. 21 U.S.C. § 841(b)(1)(B)(viii) (2018).

be reimposed if his § 2241 petition were granted—this does not satisfy the miscarriage of justice standard at issue."); *Derden*, 2014 WL 5489374, at *2 (finding no cognizable claim where "Derden's sentence did not exceed the statutory maximum"); *see also Meirovitz v. United States*, 688 F.3d 369, 371 (8th Cir. 2012) (finding no cognizable claim where the sentence was within the statutory sentencing range and could be reimposed even if relief were granted); *Sun Bear*, 644 F.3d at 706 (same); *cf. Olten v. United States*, 565 Fed. Appx. 558, 561 (8th Cir. 2014) (concluding that although Olten's sentence for one charge was improperly enhanced and exceeded the statutory maximum without the enhancement, Olten was not entitled to relief because he was convicted on two charges and his sentence could be reimposed with consecutive terms of imprisonment). This is distinguishable from *Mathis* where the enhanced mandatory minimum sentence exceeded the statutory maximum sentence without an enhancement. *See Mathis*, 136 S.Ct. at 2248.

In sum, Wiig has not shown that § 2255 was inadequate or ineffective to raise his sentencing argument and Wiig's sentencing argument is not a cognizable claim for relief under § 2241. The Court lacks jurisdiction to consider Wiig's collateral challenge to his sentence under § 2241. Accordingly, this Court recommends that Respondent's motion be granted and this matter be dismissed for lack of jurisdiction.

### III.    RECOMMENDATION

Based upon the file, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Respondent's Motion to Dismiss § 2241 Petition, (ECF No. 8), be **GRANTED**.

2. Wiig's § 2241 Habeas Corpus Petition, (ECF No. 1), be **DISMISSED**.

Date: May 30, 2018                    _____*s/ Tony N. Leung*_____
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       District of Minnesota

                                       *Wiig v. Williams*
                                       Case No. 17-cv-3815 (MJD/TNL)

### <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgement of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).